[Crim. No. 450.   Department One.—January 21, 1899.]

THE PEOPLE, Respondent, v. PETE alias LITTLE PETE, an Indian, Appellant.

CRIMINAL LAW—EVIDENCE—LAYING FOUNDATION FOR IMPEACHMENT OF DEFENDANT—OBJECTION UPON APPEAL.—Questions asked on cross-examination of the defendant by the district attorney, in good faith, for the purpose of laying a foundation for the impeachment of the defendant as a witness, by proof of inconsistent statements, and calling his attention to time, place, and parties present, specified with particularity, are not reprehensible, notwithstanding a claim of the defendant urged upon appeal that they tended to show that he was guilty of another offense, if it appears that the questions were not asked for that purpose, and the permission of them, and of proof of the inconsistent statements, is not ground for reversal.

APPEAL from a judgment of the Superior Court of Inyo County and from an order denying a new trial.  Walter A. Lamar, Judge.

The facts are stated in the opinion of the court.

Ben H. Yandell, and Richard S. Miner, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

THE COURT.—Defendant prosecutes this appeal from a judgment and order denying his motion for a new trial, he having been convicted of the crime of grand larceny in stealing a horse.

Errors are insisted upon in the overruling by the court of objections to certain questions asked the defendant upon cross-examination by the district attorney, when the defendant was testifying in his own behalf.   These questions were asked for the purpose of laying a foundation in order that the defendant might be impeached by showing that he had made inconsistent statements at other times.   It has been held often that when a party attempts to impeach a witness in this way the witness is entitled to have the time, place, and parties present, specified with particularity in order that he may answer with a recollection refreshed as to the conditions surrounding him at the time it is

claimed the statements were made.     This is a salutary rule of
law, and should be followed in all cases.   It is now claimed that
the questions addressed to the witness, as bearing upon the place
where and the parties present when the statements were made,
tended to show the defendant guilty of another offense.   If the
question or questions were asked in bad faith—that is, were asked
simply to get before the jury the imputation that defendant had
been arrested upon a previous occasion for some other offense—
then, certainly, the practice was most reprehensible.   But we see
nothing to indicate such a purpose; and in view of the rule of law
to which we have alluded, and which is a rule óf law favorable
to the witness, and strictly enforced in his behalf, we cannot say
there was. reversible error in the ruling of the court in allowing
the questions.   The same suggestions apply to the objections
made to the testimony of the sheriff, who subsequently took the
witness stand and testified to the inconsistent statements made
by the defendant.

For the foregoing reasons the judgment and order are affirmed.